947 F.2d 947
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Harris WESLEY, Plaintiff-Appellant,
v.
Robert G. REDMAN, et al., Defendants-Appellees.
 No. 91-1845.
 United States Court of Appeals, Sixth Circuit.
 Nov. 5, 1991.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion for counsel, record and briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff is a Michigan prisoner. He sued various prison officials in their individual and official capacities as a result of being found guilty of substance abuse as a result of refusing to submit urine samples. He stated that this has resulted in penalty points for misconducts and reclassification. He argued that the Michigan drug screening program violated his constitutional rights in that it violated his right to be free from unreasonable searches and seizures, that his conviction on a major misconduct charge violated his due process rights, and that his inability to grieve the drug testing procedures violated his First Amendment rights.
 
 
 4
 The district court granted summary judgment to the defendants. It determined that random urinalysis testing by a prison for drugs did not violate plaintiff's rights, that the denial of grievance procedures for this particular type of misconduct did not state a federal claim, and that Michigan provides prisoners with more than adequate procedures to challenge actions by prison officials.
 
 
 5
 On appeal, plaintiff argues that Policy Directive PD-DA-42.05 required the warden to develop an operating procedure prior to implementation of drug testing. He also states that he was unaware of his right to file opposing affidavits to the motion for summary judgment, that the district court did not allow answers to his interrogatories, that counsel was not appointed and that the district court did not order the preparation of a magistrate's report and recommendation.
 
 
 6
 The court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990); Buckner v. City of Highland Park, 901 F.2d 491, 494 (6th Cir.), cert. denied, 111 S.Ct. 137 (1990). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 Upon review, we deny the motion for appointment of counsel and affirm the district court's judgment for the reasons stated by the district court in its memorandum opinion filed June 26, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation